NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ARELLANO, | No. 21-56249 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02412-CAB-MSB |
| v. | |
| R. BLAHNIK, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

California state prisoner Raul Arellano appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging denial of access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's factual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

findings relevant to its exhaustion determination. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court did not commit clear error by finding, following an evidentiary hearing, that Arellano failed to exhaust administrative remedies on his access-to-courts claim, and that Arellano's administrative remedies were not effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 638, 642-44 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances under which administrative remedies are effectively unavailable); *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (an appellate court may not reverse for clear error absent a "definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)).

We do not consider arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Blahnik's motion to take judicial notice (Docket Entry No. 30) is denied as unnecessary.

**AFFIRMED.**